## NOTT vs. BOTTS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS PRESIDING.

This case involves simply a question of fact, turning upon the credibility of a witness, and the judgment of the inferior court is affirmed.

The facts and law of this case are comprised in the following opinion and judgment rendered by the district judge presiding :—

" This is an action of redhibition, arising out of the sale of a slave by defendant to plaintiff. The alleged redhibitory vice is that of the habit of running away.

The sale of the slave took place on the 4th November, 1835. The slave was hired to the cotton press, and left the press on 30th May, 1836—the plaintiff says by reason of sickness, but there is no evidence to this fact. The slave returned to the cotton press on 24th June, 1836, staid one day, and has not since been seen.

Another witness testifies that he is intimate with plaintiff, and knows that the slave ran away, and has not since been heard of. The only evidence as to any previous habit of running away is that of L. Jacobs, who was employed as

broker by defendant to sell the slave to plaintiff, who testifies, that after the sale, while sitting in the corridor of witness's house, where defendant boarded, the slave came in. That witness asked him how he liked his situation? The slave answered, very well. That defendant then observed, he feared he might have some trouble about him; and on witness asking how, defendant said he was afraid he would run away, as he had given him the slip up the country.

EASTERN DIST.
April, 1839.

NOTT
vs.
BOTTS.

In the case of *Hilligsberg* vs. *The New-Orleans Canal and Banking Company,* the evidence necessary to maintain an action of redhibition was discussed, and I then, as now, considered, that the code, article 2505, fixes the minimum of evidence or facts necessary to maintain an action of redhibition, and I did not consider that the evidence in that case nor in the present is sufficient to maintain the action.

Plaintiff's counsel urges, that as he considers that defendant knew of one running away, and evidence was offered of this knowledge, defendant would be liable, as in an action of deceit, for false representation of character; and as the evidence was offered without objection, it may be used to maintain that action. This is too insidious a mode of bringing or maintaining an action.

The evidence was properly offered to maintain plaintiff's part of the issue, and could not have been successfully resisted as *pro tanto* maintaining that issue : to allow it to be used to maintain, because also applicable to an entirely different ground of action, not suggested in the petition, would be to entrap a party.

The evidence itself is of a peculiar character. The witness is at enmity with the defendant—is a negro broker. The story itself not very probable. It is evidence of confession—and is the weakest or strongest evidence, according to circumstances. When testified to by a single witness, without being enforced by circumstances, it is the weakest of evidence ; when satisfactorily established, it is the strongest.

In the present case it appears to be the weakest of evidence. There is nothing extraordinary in the fact of a negro coming from Kentucky, where they are treated almost on an equality with their master, running away in Louisiana.

The plaintiff made no attempt to prove the negro's character at the place from whence he is represented to come; it does not appear to me that there is sufficient evidence to entitle the plaintiff to recover. It is, therefore, considered, that there be judgment for defendant, and that plaintiff pay costs of suit."

From this judgment the plaintiff appealed.

*Benjamin,* for the appellant. 1. The judgment of the court below is clearly erroneous, as being a final judgment against plaintiff, whereas it should be a judgment of non-suit, even if plaintiff has failed to make out his case.

2. But plaintiff has clearly shown that the slave sold by defendant had been a runaway, during the time that defendant owned him; that defendant knew this fact, was apprehensive that the slave would run away again, and yet concealed this circumstance from plaintiff, and gave a false representation of the slave, as being one of unblemished character, and free from vice : the sale should, therefore, be rescinded. *Louisiana Code,* 2505, 2525, 1841.

*Preston,* for defendant. This case presents a question of fact alone, and the evidence fully supports the judgment.

*Eustis, J.,* delivered the opinion of the court.

This is a case involving a question of fact, which turns upon the credibility of a witness. On examining the evidence, we do not feel ourselves authorized to disturb the judgment of the court below; it is, therefore, affirmed, with costs.